# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RODERICK JACKSON,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | |
| ] | CV-01-BE-1866-S |
| **BIRMINGHAM BOARD OF** ] | |
| **EDUCATION,** ] | |
| Defendant. ] | |
| ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Birmingham Board of Education's Motion Requesting Order Confirming Compliance with Consent Decree" (doc. 88). For the reasons stated in this opinion, the court will GRANT the motion and ENTER a separate order finding that the board has sufficiently complied with the Consent Decree.

### I. Background

Roderick Jackson originally filed this case in 2001, and the court entered a Consent Decree on November 30, 2006. The Consent Decree enjoined the Birmingham Board of Education ("the Board") and its officers from discriminating against any individual on the basis of sex in violation of Title IX or from retaliating against any individual for participating in investigating or reporting violations or potential violations of the Consent Decree or Title IX. Further, the Board agreed "to take all steps necessary to ensure that the Birmingham school system is free from discrimination on the basis of sex in all of its schools and programs and is in

1

full compliance with Title IX," including appointing Title IX coordinators; establishing anti-discrimination policies and grievance procedures; establishing policies and procedures for athletics programs; providing Title IX education and training; conducting an initial compliance review and submitting a report of that review; and preparing annual compliance reviews and reports. (doc. 60).  Pursuant to the Consent Decree, the court appointed an independent Monitor, former judge Ken Simon, to evaluate and report to this court about the Board's compliance with the decree.  The Consent Decree provided that its duration would be two years, during which time the court would retain jurisdiction.

On April 24, 2008, within that two-year period, Jackson filed a "Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt of Plaintiff's Settlement Agreement and Consent Decree" (doc. 61).  This motion asserted that the Board violated the decree in two ways.  The first category of alleged decree violations related to retaliation against Jackson individually.  The second category involved the Board's alleged violation of the decree provisions involving conducting and reporting on compliance reviews of athletic programs. Although the court set an evidentiary hearing on this motion, at Plaintiff's initial request and subsequently at the request of all parties, the court stayed the hearing.  (docs. 63, 65, &66; Orders dated May 22, 2008 & May 28, 2008).  However, it held numerous status conferences with the parties and the Monitor to discuss the matters raised in the motion and in subsequent status reports. Based on oral and written status reports of the parties indicating that they were working with each other and the Monitor to mediate and otherwise resolve their disputes, the court denied the Motion for Order to Show Cause, with leave to renew it if the parties were unsuccessful (doc. 76).  Further, the court repeatedly extended the two-year period of jurisdiction to enforce the

Consent Decree (Order dated December 2, 2008; docs. 76 & 80).

The parties subsequently informed the court that they have resolved the issue related to Jackson's individual retaliation claims.  On August 26, 2009, the Board filed the instant motion, requesting that the court enter an order on the second issue raised in the motion: whether the Board has fulfilled the Consent Decree's requirements that the city schools athletic programs' comply with Title IX, and that the Board review and report on the status of their compliance. The court will address that remaining issue.

**II. Discussion**

Since the date Jackson filed the Motion for an Order to Show Cause, the court has held conferences with the parties and the Monitor on May 28, 2008; October 28, 2008 (via telephone); and May 20 , 2009.  The court has received and reviewed status reports and joint letters from the parties dated June 27, 2008; September 26, 2008; October 24, 2008; January 13, 2009; April 6, 2009; May 15, 2009; May 28, 2009; July 15, 2009; and July 21, 2009.  The court has also received from the Monitor three reports dated January 13, 2009 (doc. 75); May 14, 2009 (doc. 82); and May 29, 2009 (doc. 85).  Through the information provided in the Motion for an Order to Show Cause with attached exhibits, status conferences, oral and written status reports, letters, and Monitor's reports, the court has familiarized itself with the status of the Birmingham city schools athletic programs' compliance with Title XI.  In furtherance of that task, the court acknowledges the invaluable help of the Monitor, Judge Simon, who has served the Birmingham community admirably on a *pro bono* basis, and has not only reviewed source documents but also has personally conducted on-site inspections of the athletic facilities of each Birmingham school. The court adopts and incorporates by reference the findings of the Monitor, which conclude that

the Board is in substantial compliance with its obligations under the Consent Decree (docs. 75, at 16; 82, at 4; 85).

Accordingly, the court will GRANT the Board's motion, and will ENTER a separate ORDER finding that the Board has sufficiently complied with the Consent Decree.

Dated this 3rd day of September, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE